UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

BILL BAKER,                              )
                                         )
      Plaintiff,                      )          Civil Action No. 6: 07-240-DCR
                                         )
V.                                       )
                                         )
JOHN MORGAN, et al.,                     )          **MEMORANDUM OPINION**
                                         )          **AND ORDER**
      Defendants.                     )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendants John Morgan ("Morgan"), Leslie County, Kentucky ("Leslie County"), and the Leslie County Fiscal Court's motion for summary judgment.  [Record No. 18] Because Plaintiff Bill Baker ("Baker") has failed to identify any illegal policy or practice of Leslie County or the Leslie County Fiscal Court which caused his alleged injuries, he may not proceed against these entities, or against John Morgan in his official capacity as Sheriff, under 42 U.S.C. § 1983.  Further, because Baker was an at-will employee under Kentucky law, he cannot assert a Fourteenth Amendment claim for continued employment.

The Court also concludes that Leslie County, the Leslie County Fiscal Court and John Morgan, in his official capacity, are entitled to summary judgment with respect to the Plaintiff's state law claims.  As discussed below, the Defendants (including Morgan in his official capacity) are entitled to official immunity with respect to these claims.  Further, because the Plaintiff has

-1-

failed to present any evidence that Morgan acted in bad faith, he is protected by qualified immunity with respect to the state law claims asserted against him in his individual capacity.

The Defendants' motion for summary judgment will be denied with respect to the First Amendment claim asserted against Morgan in his individual capacity because factual issues preclude resolution of this issue based on the current state of the record.

## I.     RELEVANT FACTS

In November 1998, Fred Davidson ("Davidson") was elected to a four-year term as Leslie County Sheriff. In the summer or fall of the following year, Davidson hired Baker as one of his deputies. In May 2002, Davidson lost his bid for re-election to Morgan in the Republican primary. Following Davidson's primary defeat, Baker began campaigning for Morgan on his personal time. Morgan won the November general election, and Baker was retained as a deputy sheriff. [Record No. 1, pp. 3–4]

In late 2005, Morgan notified Baker and others that he intended to run for re-election in 2006. At some time later is the same year, Baker advised Morgan that he planned to switch his party affiliation from Republican to Independent so that he could run for sheriff if Morgan lost in the primary election. Prior to switching his affiliation, the two agreed that Baker would support Morgan in the primary election; however, if he lost, Morgan would support Baker's candidacy. They also agreed that if Baker were elected, he would keep Morgan on as a deputy sheriff. Following these discussions, Baker switched his party affiliation. [Record No. 1, p. 4; Record No. 22, p. 4] Baker and Morgan again discussed their plan for the upcoming election before Baker filed a letter of intent to run for sheriff on April 3, 2006. The two continued to

work together without incident for the next six weeks leading up to the Republican primary election. [Record No.1; pp. 4–5]

On May 16, 2006, Morgan lost his bid for re-election on the Republican ticket after finishing third in the primary election. At some time before June 3, 2006, Morgan told Baker that he would support his (*i.e.*, Baker's) candidacy for sheriff. At this time, the two re-affirmed their plan that, if Baker won the general election, he would hire Morgan as a deputy sheriff. On June 3, 2006, Baker filed a signed petition, paid his fees, and publicly commenced his campaign for sheriff. [Record No. 1, p. 5]

During his campaign, Baker proposed several new ideas for the sheriff's office that had been opposed by Morgan during his tenure. One proposal involved establishing a standard operating procedure ("SOP") for the office which included hiring female deputies. Morgan had opposed the creation of a SOP as well as the hiring female deputies. While campaigning, Baker also commented on other controversial issues, including the discontinuation of Morgan's practice of hiring out-of-county residents as deputy sheriffs. In addition, Baker criticized the way the sheriff's office had handled complaints regarding promptness, and outlined his ideas of how to better address citizens' complaints. [Record No. 1, p. 6; Record No. 22, p. 6]

In late June or early July, Morgan called a meeting to notify all deputies that he intended to run for sheriff as a write-in candidate in the November election. Baker claims that he was surprised, because this was contrary to their prior discussions. Despite the announcement, Baker did not suspend his campaign or support Morgan. Rather, he continued with his own campaign, and continued to discuss his proposals for the office. [Record No. 1, p. 6]

On July 13, 2006, the local newspaper, *The Leslie County News*, ran an advertisement stating, "Vote Write-in – John Morgan – Leslie County Sheriff – Paid for by John Morgan." This was the first advertisement for Morgan as a write-in candidate. That same day, Morgan called Baker into his office and told him to "get his stuff and leave." Morgan then gave Baker an official statement of termination and placed notices of his action in two local newspapers. [Record No. 1, pp. 6–9; Record No. 22, p. 10]

In the November general election, Baker and Morgan finished a distant third and fifth respectively to Paul Howard, the Republican candidate who had defeated Morgan in the May primary. [Record No. 22, p. 8]

## II.    PROCEDURAL HISTORY

On July 12, 2007, Baker filed a verified Complaint against Morgan, individually and in his official capacity as former Leslie County Sheriff, as well as against Leslie County, Kentucky, and the Leslie County Fiscal Court. Baker alleges the following against all Defendants: (1) a Fourteenth Amendment violation under 42 U.S.C. § 1983 ("§ 1983") for failure to provide a due process hearing prior to his termination; (2) a First Amendment violation under § 1983 for the exercise of his rights of freedom of speech and association; (3) wrongful discharge under Kentucky law; (4) violation of the Kentucky "Policeman's Bill of Rights;" and (5) the tort of outrage under Kentucky law. [Record No. 1]

On August 11, 2008, the Defendants moved for summary judgment as to all claims. [Record No. 18] Baker filed his response on September 26, 2008, arguing that summary judgment should be denied as to all but one count. [Record No. 22] On October 6, 2008, the

Defendants filed a reply containing Morgan's sworn affidavit.  [Record No. 23]  The matter is now ripe for review.

### III.    STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Barr v. Lafon*, 538 F.3d 554, 561 (6th Cir. 2008).  In contrast, "summary judgment is inappropriate when the evidence raises a genuine issue of material fact."  *Barr*, 538 F.3d at 561.  A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the burden to conclusively show that no genuine issue of material fact exists.  *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008).  Once the moving party has met its burden of production, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Sigler v. American Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008) (*citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)).  The nonmoving party cannot rely upon the assertions in its pleadings, and therefore must come forward with probative evidence such as sworn affidavits, to support its claims.  *Celotex*, 477 U.S. at 324.  However, a verified complaint will satisfies the nonmoving party's burden to respond.  *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001).

In reviewing a party's motion for summary judgment, a court's function is not to "weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Barr*, 538 F.3d at 561 (*quoting Anderson*, 477 U.S. at 249). In doing so, all evidence must be viewed in the light most favorable to the nonmoving party. *Id.* However, a mere scintilla of evidence is insufficient defeat a motion for summary judgment. *In re Petty*, 538 F.3d 431, 439 (6th Cir. 2008). Rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Id.*

Ultimately, the standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52; *Harrison v. Ash*, 539 F.3d 510, 516 (6th Cir. 2008).

## IV.   LEGAL ANALYSIS

### A.   First Amendment Claim Against Leslie County, the Leslie County Fiscal Court and John Morgan, In His Official Capacity

Unlike federal and state governmental entities, municipal governments are not entitled to Eleventh Amendment immunity from § 1983 claims. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978); *Harrill v. Blount County*, 55 F.3d 1123, 1126 (6th Cir. 1995).[1] However,

---

[1]     Under 42 U.S.C. § 1983, counties and fiscal courts are considered municipal entities and are subject to its provisions. *Monell*, 436 U.S. at 691. In *Lake County Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391 (1979), the Supreme Court addressed the status of county governments in federal causes of action brought against them under § 1983:

> By its terms, the protection afforded by [the Eleventh Amendment] is only available to "one of the United States." It is true, of course, that some agencies exercising state power have been permitted to invoke the Amendment in order to protect the state treasury from liability that would have had essentially the same practical consequences as a judgment against the State itself. But the Court has consistently refused to construe the Amendment to afford

municipalities cannot be subjected to § 1983 liability solely on a theory of *respondeat superior*. *Monell*, 436 U.S. at 690 (1978); *Ford v. County of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008). Therefore, municipal governments can only be sued under § 1983 for unconstitutional or illegal municipal policies, and not for the unconstitutional conduct of their employees. *Ctr. for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 819 (6th Cir. 2007). *Cf. Hafer v. Melo*, 520 U.S. 21, 25 (1991) (noting a plaintiff in a § 1983 individual capacity suit need not establish a connection to governmental "policy or custom"). Accordingly, a plaintiff bringing a § 1983 claim against a municipality must identify the policy or custom that caused the injury. *Ford*, 535 F.3d at 495.

Under Kentucky law, county governments and county fiscal courts are "local governments." K.R.S. § 65.200(3). As such, Defendants Leslie County and Leslie County Fiscal Court are only subject to § 1983 liability if Baker's injury was caused by an unconstitutional or illegal policy or custom of either municipal entity. *Ctr. for Bio-Ethical Reform*, 477 F.3d at 819. Baker's verified complaint does not identify any policy or custom of either municipal entity as the cause of his alleged injuries. Therefore, Leslie County and Leslie County Fiscal Court cannot be held liable under § 1983.

Additionally, a suit brought against an individual in his or her official capacity is the equivalent of a suit brought against the governmental entity. *Myers v. Potter*, 422 F.3d 347, 357

---

protection to political subdivisions such as counties and municipalities, even though such entities exercise a "slice of state power."

*Id.* at 400-401. *See also Northern Ins. Co. v. Chatham County*, 547 U.S. 189 (2006).

(6th Cir. 2005). Therefore, Baker's claim against Morgan in his official capacity is the same as his claims against Leslie County and Leslie County Fiscal Court. Accordingly, the Court will grant the motion for summary judgment as to this claim asserted against Defendants Leslie County, Leslie County Fiscal Court, and John Morgan in his official capacity.

### B. First Amendment Claim Against John Morgan, Individually

Section 1983 provides a federal forum for injured parties to seek a remedy against a person for the deprivation of his or her civil liberties. 42 U.S.C. § 1983; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). This section does not create substantive rights; rather, "§ 1983 merely provides a mechanism for enforcing individual rights 'secured' elsewhere." *Johnson v. City of Detroit*, 446 F.3d 614, 618 (6th Cir. 2006) (*quoting Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002).

To state a § 1983 claim, a plaintiff must establish that (1) he was deprived of a right secured by the Constitution or the laws of the United States, and (2) that the deprivation was caused by a person acting under the color of state law. *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001) (*quoting West v. Atkins*, 487 U.S. 42, 48 (1988)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Id.* Here, Baker's § 1983 claims allege that Morgan violated his rights secured under the First and Fourteenth Amendment*s* by terminating his employment. [Record No. 1, p. 11]

In his verified Complaint, Baker alleges that he was terminated for refusing to support Morgan's candidacy and for his comments on matters of public concern during his campaign. [Record No. 1, p. 9] However, in his response, Baker contends it was speaking out about matters

-8-

of public concern, not his opposition candidacy, that led to his termination. [Record No. 22, pp. 14–15] In this circuit, there is no protected right to candidacy under the First Amendment, and a public employee may be terminated because of his or her candidacy. *Carver v. Dennis*, 104 F.3d 847, 850–51 (6th Cir. 1997). Therefore, if Baker was terminated solely for seeking Morgan's position in an election (as Morgan testified in his sworn affidavit), then Baker's First Amendment rights were not violated. *Id.* at 853; [Record No. 23, Ex. A]

However, the Sixth Circuit has also held that the First Amendment protects a public employee's right to political expression during his or her campaign. *Murphy v. Cockrell*, 505 F.3d 446, 450–52 (6th Cir. 2007). Therefore, if Baker was terminated for speaking out about matters of public concern involving the sheriff's office during his campaign as he has alleged, then a viable First Amendment violation has been alleged. *Id.* at 453; [Record No. 1, p. 9; Record No. 22, pp. 14–15]

Viewing the evidence in the light most favorable to Baker, the Court concludes that there is sufficient evidence to establish that a genuine issue of fact exists regarding whether Baker was terminated because of his comments during his campaign, as opposed to his candidacy. Baker's plan to run for sheriff was known to Morgan long before Baker's campaign began. However, as a candidate, Baker commented on several issues of public concern which could be viewed as critical of Morgan's tenure as sheriff.[2] Based on this unresolved factual dispute, the Court will

---

[2]  With respect to the second element, a person commits an act under the color of law when he or she is "clothed with the authority of state law." *West*, 487 U.S. at 49. Morgan terminated Baker pursuant to authority derived from state statute and Kentucky common law. *See McClure v. Augustus*, 85 S.W.3d 584, 586 (Ky. 2002) (*citing* K.R.S. § 70.030; *Hodges v. Daviess County*, 148 S.W.2d 697, 699 (Ky.App. 1941)). As a result, Baker has met the second element necessary to establish a viable claim under § 1983.

deny the Defendants' motion for summary judgment with respect to the § 1983 First Amendment

claim seeking damages against Defendant John Morgan in his individual capacity.[3]

### C.   Fourteenth Amendment Claim

Baker asserts that at the time of his termination he had passed his probationary period

and properly completed all required training.  Therefore, he contends that he had a property

interest in continuing employment as a deputy sheriff.  [Record No. 1, p. 11] As a result, he

claims that his procedural due process rights were violated because he was not given an

opportunity for a hearing prior to termination, nor was he given any reason for the termination.

[*Id.*]

To resolve a Fourteenth Amendment procedural due process claim, courts engage in a

two-step analysis.  First, the court  must determine whether a protected property interest exists.

Second, if a protected right is shown, the Court evaluates what procedures are required to protect

that interest.  *Singfield v. Akron Metro Hous. Auth.*, 389 F.3d 555, 565 (6th Cir. 2004).

"Property interests protected by the Constitution stem from an independent source, such as state

law, and are not created by the Constitution itself."  *Sharp v. Lindsey*, 285 F.3d 479, 487 (6th

Cir. 2002) (*quoting Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 537 (1985)).

Government employment can be a protected property interest, but only when an employee is

"entitled" to continue employment.  *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 141 (6th

Cir. 1997) (internal citations omitted).  Therefore, to establish a protected interest in his position

---

[3]      Equitable relief in the form of reinstatement is an available remedy under § 1983 for a violation of
the First Amendment. *See generally Daubenmire v. City of Columbus*, 507 F.3d 383, 388–89 (6th Cir. 2007).
However, Morgan no longer has the authority to reinstate Baker as a deputy.  Therefore, the Court will grant
summary judgment regarding this claim.

(*i.e.*, an entitlement to continued employment as a deputy sheriff), Baker "must be able to point to some statutory or contractual right conferred by the state which supports a legitimate claim to continued employment." *Id.* Because he is unable to do so under the facts presented, his Fourteenth Amendment claim fails.

The office of elected county sheriff is a constitutionally-created position in Kentucky. KY. CONST. § 99. County sheriff's have the statutory right and common-law authority to appoint and remove deputies at will. *McClure*, 85 S.W.3d at 586 (*citing* K.R.S. § 70.030; *Hodges*, 148 S.W.2d at 699; *Prater v. Strother*, 11 Ky. L. Rptr. 831 (Ky 1890)). As a deputy sheriff, Baker was an at-will employee serving at the pleasure of the sheriff. Therefore, Baker had no protected property interest in his continued employment. Accordingly, summary judgment is appropriate with respect to the § 1983 Fourteenth Amendment claim, including the claim asserted against Morgan in his individual capacity.

### D.     State Law Claims

Baker also asserts state law claims against the same defendants alleging that his termination amounted to a wrongful discharge, violated the "Policeman's Bill of Rights," and the constitutes outrageous conduct. [Record No. 1, pp. 11–15] However, the Defendants contend that they are not subject to liability under any of these theories because of sovereign and qualified immunity. [Record No. 18, pp. 5–6] In his response, Baker admits that the Defendants cite the appropriate authority regarding immunity, but argues that immunity is inapplicable here. [Record No. 22 pp., 17–20].

### 1.      Leslie County and Leslie County Fiscal Court

Under Kentucky law, a county government is cloaked with sovereign immunity. *Schwindel v. Meade County*, 113 S.W.3d 159, 163 (Ky. 2003) (internal citations omitted). Additionally, county governments are not subject to liability on the basis of *respondeat superior*. *Id.* Therefore, county governments cannot be held vicariously liable for acts of its agents, servants, and employees. *Id.* Sovereign immunity protects both Leslie County and Leslie County Fiscal Court from all Baker's state law claims. Therefore, Baker's state law claims against these Defendants fail as a matter of law.

### 2.      Claims Against Morgan in his Official Capacity

Kentucky law provides public officials sued in their official capacity with official immunity from tort liability for acts performed in the exercise of their discretionary functions. *Yanero v. Davis*, 65 S.W.3d 510, 521 (Ky. 2001). However, official immunity is qualified, in that it only applies to acts done in good faith. *Id.* at 523 (internal citations omitted). If the public official establishes a prima facie case that the act was performed within the scope of his or her discretionary authority, the burden shifts to the plaintiff to establish that the discretionary act was not performed in good faith.[4] *Id.* (internal citations omitted). A plaintiff can establish bad faith by direct or circumstantial evidence, and "'bad faith' can be predicated on a violation of constitutional, statutory, or other clearly established right which a person in the public [official's]

---

2.      According to the Supreme Court of Kentucky, "good faith" is somewhat of a misnomer, and the proof is really of "bad faith." In most cases, "good faith" is merely a presumption that exists in the absence of evidence showing "bad faith." *Rowan County v. Sloas*, 201 S.W.3d 469, 475 (Ky. 2006).

position presumptively would have known was afforded to a person in the plaintiff's position." *Id.*

As Leslie County Sheriff, Morgan was an elected public official who had the discretionary authority to hire and fire deputies at his pleasure. *See* KY. CONST. § 99; K.R.S. § 70.030. Since terminating Baker was within Morgan's discretionary authority as Sheriff, the burden shifts to Baker to establish he was terminated in bad faith.

Baker has provided sufficient evidence to establish that a genuine issue of fact exists concerning whether his First Amendment rights were violated. However, even viewing the evidence in a light most favorable to Baker, the evidence is insufficient to establish that Morgan terminated Baker in bad faith. In the absence of evidence showing bad faith, this Court presumes that Morgan exercised his discretionary authority to terminate Baker in good faith. *See Rowan County*, 201 S.W.3d at 475 (good faith is presumed in the absence of bad faith). Therefore, Morgan is entitled to official immunity and summary judgment is appropriate with respect to all state claims asserted against him in his official capacity.

### 3. Claims Against Morgan in his Individual Capacity

Kentucky law also provides an official sued in his or her individual capacity with qualified immunity, which affords protection for good faith judgment calls made in a legally uncertain environment. *Rowan County*, 201 S.W.3d at 475 (*citing Jefferson County Fiscal Court v. Peerce*, 132 S.W.3d 824, 833 (Ky. 2004). "Thus, officials are not liable for bad guesses in gray areas, and most government officials are not expected to engage in the kind of legal scholarship normally associated with law professors and academicians." *Id.* (internal quotations

and citations omitted).  As a result, "qualified immunity protects all but the plainly incompetent or those who knowingly violate the law." *Id.* (*quoting Anderson v. Creighton*, 483 U.S. 635, 638 (1987) (internal quotations omitted)).

In the present case, Baker has not presented any evidence that Morgan knowingly violated the law.  Furthermore, there is a significant gray area in this circuit's holdings regarding the termination of a public employee running for election against his or her superior.  The law does not require, nor does the Court expect, a defendant to be fully able to grasp the complexity of this constitutional issue prior to acting within the scope of his or her discretionary authority.  Further, since the Plaintiff has failed to present any evidence of bad faith, the Court presumes Morgan terminated Baker in good faith.  For these reasons, Morgan is entitled to qualified immunity.  Accordingly, this Court will grant the motion for summary judgment as to all state claims asserted against Defendant Morgan in his individual  capacity.

## V.    CONCLUSION

For the reasons discussed above, it is hereby

**ORDERED** that the Defendants' Motion for Summary Judgment [Record No. 18] as to the First Amendment claim asserted against Defendant John Morgan under 42 U.S.C. § 1983, in his individual capacity seeking damages, is **DENIED**.  The motion is **GRANTED** with respect to all other claims against all Defendants.

This 20th day of October, 2008.

-14-



Signed By:

*__Danny C. Reeves__*

United States District Judge